IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HECTOR LUIS MARQUEZ FIGUEROA**
    **Petitioner**

    **v.**

**UNITED STATES OF AMERICA**
    **Respondent**

**Civil No. 04-1250 (SEC)**
[Related to Criminal No. 02-139 (SEC)]

**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION**

Héctor Luis Márquez-Figueroa (hereafter "Márquez"), proceeding *pro se,* filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 on March 26, 2004 (**Docket No. 1**). The government responded to the motion and asked that the motion be dismissed for want of jurisdiction and denied on the merits (**Docket No. 4**).

This matter was referred to the undersigned for report and recommendation (**Docket No. 14**). For the reasons set forth below, this Magistrate-Judge **RECOMMENDS** that the petition be **DISMISSED, without prejudice**.

I.    **Procedural and Factual Background**

Márquez was charged in a six count superseding indictment with conspiracy to obstruct justice, commit perjury and suborn perjury in violation of 18 U.S.C. § 371(f); obstruction of justice in violation of 18 U.S.C. § 1503; perjury in violation of 18 U.S.C. § 1623; and, subornation of perjury in violation of 18 U.S.C. § 1622. *Criminal Case No. 02-139(SEC),* **Docket No. 10**. Following a five week trial Márquez was convicted of conspiracy to obstruct justice, perjury and subornation of perjury, pursuant to 18 U.S.C. § 371, and acquitted of the

substantive counts of obstruction of justice, perjury, and subornation of perjury. *Id.* at **Docket No. 210**. Márquez was sentenced on December 4, 2003, to 18 months imprisonment. A supervised release term of three years, and a special monetary assessment of $100 and a $2,500 fine were also imposed. *Id.* at **Docket Nos. 256, 258**. Márquez filed a notice of appeal on December 12, 2003, and the government cross-appealed the sentence imposed. *Id.* at **Docket No. 259**. The record on appeal was transmitted to the Court of Appeal on various dates in January, February, March, April and August 2004. *Id.* at **Docket Nos. 262, 263, 267, 284, 310, 326**. The appeal currently remains pending before the United States Court of Appeals for the First Circuit under Case No. 04-1069. This case is consolidated with appellate Case No. 03-2574. A review of the Case No. 04-1069 Case Docket indicates that the filing of the briefs will not be complete until July 27, 2005. Márquez acknowledges in his motion that the appeal is pending and is still in its initial stages.

Despite the pending appeal, on March 26, 2005, Márquez filed the instant § 2255 motion. In seeking relief, Márquez raises the following issues:

   a)   His conviction was obtained by the prosecution's failure to disclose to the defendant evidence favorable to him;
   b)   His conviction was obtained through the use of testimony of a cooperating witness, whose reduction in sentence was contingent upon the conviction of the main target of the investigation; and,
   c)   His conviction was obtained through the use of testimony known by the prosecution to be perjured.

## II.   Conclusions of Law

### A.   Legal Standard

Pursuant to 28 U.S.C. § 2255 there are four grounds upon which a federal prisoner may base a claim for relief to wit, that: 1) the sentence was imposed in violation of the

Constitution or laws of the United States; 2) the court was without jurisdiction to impose such sentence; 3) the sentence was in excess of the maximum authorized by law; and, 4) that the sentence is otherwise subject to collateral attack. A federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ." 28 U.S.C. §2255. However, such a petition may be summarily denied where it contains mere bald assertions without specific factual allegations. *Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir. 1992). In addition, even a facially adequate petition may be denied without a hearing where the alleged facts are conclusively refuted by the files and records of the case. *Id.*; *accord, Lema v. United States*, 987 F.2d 48, 51-52 (1st Cir. 1993).

Except for certain limited circumstances, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal. *United States v. Hurley,* 63 F.3d 1, 23 (1st Cir. 1995); *United States v. Distasio,* 820 F.2d 20, 23 (1st Cir. 1987) (determining that district court was without jurisdiction to entertain a Rule 35(b) motion for reduction of sentence while direct appeal was pending). Here, the "'orderly administration of criminal justice' precludes a district court from considering a § 2255 motion while review of the direct appeal is pending." *United States v. Gordon,* 634 F.2d 638, 638-639 (1st Cir.1980) (citations omitted). At this juncture it would hardly promote the orderly administration of criminal justice for this court to try to hazard a guess as to which issues might or might not be determined on direct appeal. More so, in light of the fact that this Court has no idea of the issues raised by Márquez on direct appeal and further because the

Court has not had the opportunity to review the criminal case inasmuch as the entire record is now before the Court of Appeals.

Additionally, it is a well-settled principle that ("in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending. . . ."  See *United States v. Buckley,* 847 F.2d 991, 993 n. 1 (1st Cir. 1988) (internal quotation marks and citations omitted));  *United States v. Gordon,* 634 F.2d 638, 638-39 (1st Cir.1980).  Márquez has failed to set forth any "extraordinary circumstances" nor does the record emit any evidence of "extraordinary circumstance" to warrant consideration of this § 2255 motion during the pendency of Márquez's direct appeal. *See United States v. Díaz-Martínez*, 71 F.3d 946 (1st Cir. 1995).   Accordingly, the § 2255 is premature and at this time the undersigned declines to address the substantive issues raised.

Therefore, it is **RECOMMENDED** that petitioner Márquez be **DENIED** § 2255 relief inasmuch as the motion was prematurely filed and this Court has been divested of its jurisdiction due to the pending direct appeal in the United States Appellate Court for the First Circuit.

**III.   Conclusion**

Based upon the foregoing analysis, this Magistrate-Judge **RECOMMENDS** that petitioner's motion under § 2255 (**Docket No. 1**) be **DISMISSED, without prejudice**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Rule 72(d), Local Rules of

Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

    **SO RECOMMENDED.**

    At San Juan, Puerto Rico, this 20th day of July, 2005.

    S/**AIDA M. DELGADO-COLON**
    **U.S. Magistrate-Judge**